**STATE of Maine**

v.

**Richard DeCESERE.**

Supreme Judicial Court of Maine.

Oct. 5, 1979.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Hall & DeSanctis by Julio DeSanctis, III (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

NICHOLS, Justice.

This appeal raises the issue of whether one can be found guilty of criminal mischief [1] and reckless conduct [2] when he so kicks a safety glass window in a police cruiser that the glass shatters onto the face of the police officer observing him from a point close to that window.

On June 6, 1978, two Bangor police officers stopped the Defendant, Richard DeCesere, for the criminal offense of speeding. Upon arresting and handcuffing DeCesere, they placed him in the back seat of their cruiser. The Defendant complained loudly about the arrest and the tightness of the handcuffs. He lay down on the seat and began kicking the closed car door. The police officers looked in, Officer Libby's face coming close to the window. The Defendant kicked the window, and the glass shattered in Libby's face. Libby received minor facial cuts, but suffered no eye injury.

After a jury-waived trial in Superior Court in Penobscot County, the Defendant was convicted of both criminal mischief and reckless conduct. The Defendant brings his case here, challenging the sufficiency of the evidence on both counts.

We affirm the judgment of the Superior Court.

There was sufficient evidence that the Defendant "intentionally or knowingly" damaged the police cruiser, as the offense of criminal mischief requires.[3]

1. 17–A M.R.S.A. § 806 provides in pertinent part:

   Criminal mischief.

   1. A person is guilty of criminal mischief if, intentionally or knowingly, he:

   A. Damages or destroys the property of another, having no reasonable ground to believe that he has a right to do so; or damages or destroys property to enable any person to collect insurance proceeds for the loss caused; . . .

2. 17–A M.R.S.A. § 211 provides in pertinent part:

   Reckless conduct.
   1. A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person.

3. 17–A M.R.S.A. § 10 provides the definitions:
   1. "Intentionally."
   A. A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result . . .

While it is possible that the Defendant's foot slipped while kicking the door and hit the window instead, the presiding justice had a better opportunity to determine the facts, and we defer to his findings that the Defendant consciously kicked the window. *State v. Mann*, Me., 361 A.2d 897, 906 (1976).

We move on to the second count, charging the Defendant with reckless conduct. In reviewing the evidence, we must here determine whether the Defendant "recklessly created a substantial risk of serious bodily injury . . .." The Defendant asserts this element of risk was not satisfied because the window of the police car was made of safety glass. Even if the Superior Court had taken judicial notice that safety glass was designed to minimize harm, a finding that the breaking safety glass could cause injury would still be warranted. The minimizing of danger is not the elimination of danger. Throwing even rounded bits of glass into a person's eyes creates a substantial risk of injury. The act also meets the additional requirement that the risk created involved "serious bodily injury." [4] The impairment of eyesight from the impact at close range of such missiles is a strong possibility.

The remaining element to be proved in establishing this offense is that the Defendant created the risk "recklessly." Under 17–A M.R.S.A. § 10(3):

A. A person acts recklessly with respect to a result of his conduct when he consciously disregards a risk that his conduct will cause such a result. . . .

C. For purposes of this subsection, the disregard of the risk, when viewed in light of the nature and purpose of the person's conduct and circumstances known to him, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation.

Even if the Defendant thought that the window which he was kicking was made of safety glass designed to minimize harm, he knew, or should have known, that pieces of that glass might fly into the officer's eyes. The Defendant's disregard of that grave risk was conscious. His conduct involved a gross deviation from the standard that a reasonable and prudent person would observe in the same situation.

The entry will be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and GLASSMAN, JJ., concurring.

---

2. "Knowingly."

A. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

4. 17–A M.R.S.A. § 2(23) provides:

"Serious bodily injury" means a bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or loss or substantial impairment of the function of any bodily member or organ, . .